**294 A.2d 182.**

IN RE JOHN F. SHEEHAN

JULY 31, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This proceeding comes here on the original petition of John F. Sheehan who was admitted to the practice of law before the courts of this state on November 23, 1959. Sheehan alleges that the Attorney General of this state petitioned the Superior Court to issue an order directing him to appear and to show cause why he should not be adjudged in contempt for having attempted to influ-

ence a juror tentatively selected in a criminal case. After a hearing in chambers that petition was denied. That denial does not satisfy Sheehan, for he is concerned, and perhaps justifiably so, that the widespread publicity which the Attorney General's charges have received has brought into question his integrity, qualifications and competence, and he asks this court to serve as the public forum where those charges against him may be aired and where he may be afforded an opportunity to vindicate himself.

There is precedent to support that request for, as Sheehan points out, we did act as a tribunal of original jurisdiction in a disciplinary matter in *In re Troy,* 43 R. I. 279, 111 A. 723 (1920). That was a case, however, where our preliminary examination of the information tending to show that the attorney involved had acted unprofessionally appeared to be so reliable as to permit initial action in this court. The same cannot be said of the information in this case because, unlike *Troy,* there are facts here which must be investigated and apparent conflicts in the evidence which must be resolved.

Moreover, the method of handling these problems advocated by Sheehan completely bypasses the procedures we have established for handling disciplinary matters. Those procedures are set out in Supreme Court Rule 9 and call for complaints or suggestions that a member of the Bar has conducted himself unprofessionally to be lodged with a committee appointed by us. It is designated as the Investigating Committee, and is charged with investigating any such complaint or suggestion and with determining whether there is sufficient evidence of wrongdoing to warrant prosecuting the same before another court-appointed committee which is known as the Committee on Complaints. That committee hears and considers any complaint thus brought before it and, after hearing the same and giving it due consideration, reports in writing its findings and its recommendations to

this court which, depending upon the nature of the complaint and the recommendations of the committee, then administers discipline.

We see no good reason, nor has any been suggested, why in this case normal and customary procedures should not be followed. Accordingly, and notwithstanding Sheehan's urgings, we decline to accept initial jurisdiction for the purpose of determining whether he has been guilty of unprofessional conduct. The charge that he has misconducted himself, however, has now officially been brought to our attention and, in the circumstances and in the absence of any pending judicial proceedings involving the matters upon which the charges against Sheehan rest, it is incumbent upon us to refer the matter to the Investigating Committee for processing as provided for by Rule 9.

The petition of John F. Sheehan is denied and dismissed. The clerk of this court is directed to transmit to the Investigating Committee copies of this opinion, of the record in this case, and of all papers filed herein, and that committee is directed to give this matter priority on its calendar. If prosecution before the Committee on Complaints follows, that committee is authorized to take testimony at open meetings and to afford the petitioner, Sheehan, full opportunity to confront and cross-examine any witnesses who may testify against him and to offer relevant and material evidence in his own behalf. If in the course of these proceedings either committee deems it necessary or advisable to obtain professional investigatory assistance such as is available through the Division of the Rhode Island State Police, it may apply therefor to this court, and it may also apply to this court for assistance in compelling the attendance and testimony of recalcitrant witnesses.

*James E. Murphy,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for respondent.